IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                              No. 22-CR-01910-JB

BRIAN LEVI and
DARYL LEVI,

    Defendants.

**DEFENDANT BRIAN LEVI'S MOTION TO SEVER CODEFENDANTS**

Defendant, Brian Levi, through undersigned counsel Noah W. Gelb, submits this Motion to Sever Codefendants, pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rule 14 of the Federal Rules of Criminal Procedure, and *Bruton v. United States*, 391 U.S. 1231 (1968) and respectfully requests that the Court sever Mr. Levi's trial from the trial of his co-defendant, Daryl Levi. The United States opposes this Motion.

**I.**     **INTRODUCTION**

Mr. Levi and his co-defendant, Daryl Levi, are charged by Indictment with one count of carjacking resulting in serious bodily injury in violation of 18 U.S.C. Section 2119 [Doc. 2]. The Indictment was filed on November 23, 2022,

1

GOVERNMENT
EXHIBIT
2

and Mr. Levi entered a not guilty plea to the Indictment on July 6, 2023. A joint trial is scheduled on February 20, 2024.

## II. BACKGROUND

The charges arise from an incident that is alleged to have occurred on May 17, 2020, in Shiprock, New Mexico. The government alleges that the defendants took a motor vehicle from the alleged victim, John Doe, following a physical altercation. The incident was reported to authorities around 15:36 hours (3:36 PM). According to Shiprock Police Department reports, Daryl Levi was apprehended by law enforcement officers around 17:04 hours (5:04 PM). Daryl Levi was transported to a police station where he was questioned by Criminal Investigator Dean Goldtooth and FBI Special Agent Kalon Fancher. Daryl Levi agreed to speak with the investigators and participated in a lengthy interview.

## III. ARGUMENT

Mr. Levi's Sixth Amendment confrontation rights require that Mr. Levi's trial be severed from co-defendant Daryl Levi. Pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, a court may sever the trials of co-defendants when "the joinder of offenses or defendants in the indictment . . .appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). *See Zafiro v. United States*, 506 U.S. 534, 538 (1993) (using Rule 14 as the

standard for a severance). A classic example of such prejudice occurs when a non-testifying co-defendant's confession implicates a defendant at their joint trial, violating the Confrontation Clause of the Sixth Amendment to the United States Constitution. *See Bruton v. United States*, 391 U.S. 123 (1968). Even where a co-defendant's statement is not facially or directly inculpatory, *Bruton* still applies "when the statement is evidence of a fact critical to the prosecution's case." *United States v. Sarracino*, 340 F. 3d 1148, 1160 (10th Cir. 2003) citing *United States v. Glass*, 128 F. 3d 1398, 1404 (10th Cir. 1997).

In *Bruton*, the Supreme Court held that the admission of a non-testifying co-defendant's confession implicating a defendant at their joint trial violated the defendant's Sixth Amendment Confrontation rights. In *Bruton*, the defendant-petitioner and his co-defendant were tried jointly for robbery. *Id*. at 124. The co-defendant did not testify, and the government introduced the co-defendant's confession into evidence. *Id*. The confession indicated that both defendants committed the robbery in concert. *Id*. The trial court instructed the jury to consider the confession as evidence only against the co-defendant, not the defendant-petitioner. *Id*. at 125. The *Bruton* Court held that despite the limiting instruction, the evidence of the co-defendant's out-of-court confession violated the defendant-petitioner's Sixth Amendment right to cross-examine witnesses. *Id*. at 137.

3

Similar reasoning guided the United State's District Court for the District of New Mexico's decision in *United States v. Lujan*, 529 F. Supp. 2d 1315 (D. N.M. 2007). *In Lujan*, the court held that the *Bruton* issue in that case substantially weighed in favor of severing the defendant's trial from his co-defendants. In *Lujan*, three co-defendants were charged with kidnapping resulting in death and tampering with a witness resulting in death. Each co-defendant other than the defendant gave recorded statements inculpating each other and the defendant. All defendants filed motions to sever. The court stated that "a court's task is therefore to determine, on a case-by-case basis, whether even redacted statements are the sort of powerfully, facially or directly incriminating statements that Bruton and its progeny concluded a jury could not put out of mind, even when given proper limiting instructions." *Id*. at 1324 citing *United States v. Lage*, 183 F. 3d 374, 386 (5th Cir. 1999). The court determined that the statements involved could not be admitted, even with redactions and limiting instructions, because the Confrontation Clause violations could not be cured.

This matter presents a classic *Bruton* problem. Mr. Levi's co-defendant, Daryl Levi, gave a lengthy statement to police inculpating both defendants in the charged carjacking. As in *Bruton*, Mr. Levi will have no ability to confront, cross-examine, and test the reliability of Daryl Levi's confession at trial should Daryl Levi choose not to testify. Without an opportunity to confront his

4

accuser, Mr. Levi would be severely prejudiced at trial. Severance is therefore required to preserve Mr. Levi's confrontation rights.

## IV. CONCLUSION

For the foregoing reasons, Mr. Levi respectfully requests that the Court issue an order severing his trial from his co-defendant's trial.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas Blvd. NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489 Tel.
(505) 346-2494 Fax
noah_gelb@fd.org

*Electronically filed January 29, 2024*

/s/ Noah W. Gelb
NOAH W. GELB, AFPD
Attorney for Brian Levi