UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                         Crim. No. 23-1483 MLG

**SERAPHINE WARREN-BEGAY**, *et al.*,

    Defendants.

### UNITED STATES' NOTICE OF INTENT TO OFFER EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 609

The United States provides notice under Federal Rule of Evidence 609 that it may introduce as impeachment evidence Defendant Orlando Begay's prior felony conviction should he testify at trial. Defendant is charged with making a false statement during an attempted acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). *See* Ex. 1 (Judgment in a Criminal Case, entered January 26, 2024). This conviction qualifies under Rule 609 for the following reasons.

**I.**     **ARGUMENT**

On October 19, 2023, Defendant Orlando Begay pleaded guilty in the United States District Court for the District of Utah to the felony offense of making a false statement during the attempted acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). *See* Ex. 1; *see also* Crim. No. 22–373 JNP, D. Utah. Rule 609 states that evidence of a felony conviction that occurred within the last ten years "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant . . . ." Fed. R. Evid. 609(a)(1)(B). While explicit findings that the balancing of probative value against prejudicial effect are not an absolute requirement, an appellate court must be satisfied that the balancing test was, in fact, performed. *See United States v. Howell*, 285 F.3d 1263, 1269 (10th

Cir. 2002). Courts have identified five factors to consider under Rule 609(a)(1) balancing: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Unites States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). This test is used to combat the unique danger facing a defendant, that the convictions would be misused by a jury as propensity evidence instead of impeachment. *Id.*

"The implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number." *Id.* (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998). The probative value of a prior conviction is a function of the nature of the past crime and the remoteness of the conviction. *Burston*, 159 F.3d at 1335. Evidence of a murder conviction says something far different about credibility than evidence of a minor drug offense. *Id.* Substantial deference is given to the district court under Rule 609, with decisions being reviewed only for an abuse of discretion. *Lugo*, 170 F.3d at 1005 (internal citation omitted.)

Although it is improper for the prosecution to probe into the specific details of the crime, cross-examination into the nature of an accused's felony convictions has been recognized as being within Rule 609's limits. *See Howell*, 285 F.3d at 1266 ("cross-examination should be confined to a showing of the essential facts of convictions, *the nature of the crimes*, and the punishment.") (quoting *United States v. Albers*, 93 F.3d 1469, 1479-80) (10th Cir. 1996), quoting *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977) (emphasis in original)). The failure to include the name and nature of the prior offense may prejudice the defendant even further, leaving the jury to speculate about the nature of the offense. *Smalls*, 752 F.3d at 1240.

With this, Defendant Orlando Begay's 2023 felony conviction for making a false statement in connection with the purchase of a firearm is highly probative and survives the Rule 609 balancing test. Not only does the conviction go directly toward truthfulness, or lack thereof, but it also occurred within a year of the offense conduct in this matter. And the conviction is unrelated to kidnapping, therefore reducing any prejudicial effect. Thus, the scales tip in favor of admissibility.

## II. CONCLUSION

The United States respectfully requests a pretrial ruling that Defendant Orlando Begay's prior felony conviction for making a false statement during the attempted acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) is admissible as impeachment evidence should he testify at trial.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Electronically filed on April 8, 2024*
MATTHEW J. McGINLEY
Assistant United States Attorney

I HEREBY CERTIFY that on April 8, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
MATTHEW J. McGINLEY
Assistant United States Attorney